## Shecter v. Congregation Chevra Thilim, etc.

*Simon Mustokoff*, for plaintiff.
*Nathan Shapiro*, for defendant.

SMITH, P. J., February 29, 1944.—Complainant filed a bill in equity praying that:

1. Defendant, Congregation Chevra Thilim by Myer Zoodick, Moses Merlin, and Leon Waxler, trustees, be enjoined and restrained temporarily and perpetually thereafter from selling, encumbering, or transferring seat no. 5 in the synagogue building located at 3014 West Cumberland Street, Philadelphia;

2. Defendant, Congregation Chevra Thilim by Myer Zoodick, Moses Merlin, and Leon Waxler, be enjoined and restrained from interfering with the free use of the synagogue building and its furnishings by complainant, Rubin Shecter, temporarily and perpetually;

3. The contract between complainant and the Congregation Zichron Jacob and Talmud Torah be binding on the defendant, Congregation Chevra Thilim;

4. Defendant, Congregation Chevra Thilim, permit the use of seat no. 5 in its synagogue by complainant, Rubin Shecter, and for further relief.

This matter came on for hearing before the chancellor and by an adjudication he dismissed the said petition and filed a decree nisi.

Plaintiff, in September 1923, entered into an agreement in writing with Congregation Zichron Jacob and Talmud Torah, a corporation then operating a synagogue at 3014 West Cumberland Street, Philadelphia, by which for the sum of $100 the said complainant purchased seat no. 5 for himself and his wife in the said synagogue, paying the dues in the sum of $6 per annum.

The United Producers Building & Loan Association, a corporation, holding a second mortgage on said premises 3012-14 West Cumberland Street, Philadelphia, by reason of default in payment of interest and dues by Congregation Zichron Jacob and Talmud Torah, instituted foreclosure proceedings against the said parcels of real estate and on the first Monday of June 1937 the Sheriff of Philadelphia County sold said property at sheriff's sale to the United Producers Building & Loan Association, the mortgagee. By this sale, the interest of Congregation Zichron Jacob and Talmud

Torah in the said premises 3012-14 West Cumberland Street was divested as well as the interest of complainant and his wife in seat no. 5 of the said synagogue. The sheriff conveyed by sheriff's deed the said real estate to United Producers Building & Loan Association on July 6, 1937, and the said deed was properly recorded in the Office for the Recording of Deeds in the City and County of Philadelphia. On March 22, 1938, by deed of indenture recorded in the office of the Recorder of Deeds for the City and County of Philadelphia, the said United Producers Building & Loan Association conveyed said premises 3012-14 West Cumberland Street to Meyer Zoodick and Rubin Shecter, trustees for Congregation Chevra Thilim, an unincorporated association, defendant in this case. On August 30, 1938, the Congregation Zichron Jacob and Talmud Torah, in consideration of the receipt of $1,500, sold and transferred all its right, title, and interest in the synagogue property and all the personal property used in the conduct of the synagogue to defendant, Congregation Chevra Thilim.

A seat in a synagogue is a license or privilege granted for a consideration by a congregation holding religious services in a synagogue, for one to use and occupy said seat so long as the said congregation has a right, title, or interest in the said particular synagogue. It is not an estate in the land. Every person who secures said license or privilege takes it with the implied understanding that it shall continue as long as a change in the circumstances does not divest the particular congregation of its right, title, or interest in the land, either by contract or judicial process. The offer by complainant to defendant association of $6 is immaterial to this issue.

Plaintiff has no present right, title, or interest or property right in seat no. 5 of the synagogue owned and operated by defendant association and therefore has no equitable cause of action.

The exceptions to the adjudication and decree nisi of the chancellor are dismissed.

### Decree

And now, to wit, February 29, 1944, the exceptions to the adjudication of the chancellor are dismissed; the exceptions to the decree nisi of the chancellor as of November 20, 1943, are dismissed; the decree nisi of November 20, 1943, dismissing the bill in equity and defendant's prayer for affirmative relief, the placing of costs equally upon complainant and defendant, is hereby confirmed and is now made the final decree of this court.